1
2
3
4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 YVONNE MARIA KHAN,                          Case No. 18-cv-02868-JSC

        Plaintiff,
8
                                             **ORDER RE: PLAINTIFF'S MOTION**
9    v.                                       **FOR ATTORNEY'S FEES**

10 COMMISSIONER OF SOCIAL                      Re: Dkt. Nos. 21, 22, 23
   SECURITY,
11
        Defendant.
12

        In this Social Security case, Plaintiff Yvonne Khan ("Plaintiff") seeks attorney's fees under

13 the Equal Access to Justice Act ("EAJA") following this Court's remand of her disability

14 insurance benefits case. (Dkt. Nos. 19 & 21.)[1], [2] Because the Social Security Commissioner

15 ("Defendant") does not contest the substantial justification of the original action and instead

16 challenges only the amount of fees sought, Plaintiff's motion is GRANTED in part, as explained

17 below.

18                                        **BACKGROUND**

19      This case stems from Plaintiff's appeal of the Social Security Administration's ("SSA")

20 denial of her application for disability benefits for a combination of physical and mental

21 impairments, including: degenerative disc disease, fibromyalgia, knee and shoulder problems,

22 hand and wrist condition, bone spurs, and depression. (*See* Dkt. Nos. 1 & 19 at 1.) On June 3,

23 2019, the Court granted Plaintiff's motion for summary judgment, denied Defendant's cross-

24 motion for summary judgment, and remanded for further administrative proceedings, concluding

25

26

27 [1] Record citations are to materials in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[2] Plaintiff and Defendant have consented to the jurisdiction of a magistrate judge pursuant to 28
28 U.S.C. § 636(c). (Dkt. Nos. 8, 9.)

1  that the Administrative Law Judge ("ALJ") must adequately consider medical and testimonial

2  evidence in light of Plaintiff's fibromyalgia and reassess Plaintiff's residual functioning capacity.

3  (Dkt. No. 19.)  Plaintiff then filed the underlying motion for EAJA fees in the amount of

4  $8,413.60.  (Dkt. No. 21 at 2.)  Plaintiff requested an additional $400 for costs, $21.68 for

5  expenses, and $674.00 (rounded from the requested $674.025) for the time spent drafting the

6  reply. (Dkt. Nos. 21 at 2 & 23 at 10.)

7  **LEGAL STANDARD**

8  Under the EAJA, a court shall award a prevailing party its fees and expenses in an action

9  against the United States unless "the position of the United States was substantially justified or

10  special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  The Supreme Court

11  has defined "substantially justified" as "justified in substance or in the main–that is, justified to a

12  degree that could satisfy a reasonable person," or having a "reasonable basis both in law and fact."

13  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  The government bears the burden of establishing

14  substantial justification.  *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

15  If the government's position was not substantially justified, then the plaintiff may be

16  eligible for an award of fees under the EAJA; however, eligibility is not an automatic award.

17  *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998).  Rather, the plaintiff must prove that the fees

18  sought are reasonable.  *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) ("The burden is on

19  the plaintiff to produce evidence that the requested rates are in line with those prevailing in the

20  community for similar services by lawyers of reasonably comparable skill, experience, and

21  reputation.") (internal quotation marks omitted).

22  The starting point for determining whether a fee is reasonable is "the number of hours

23  reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v.*

24  *Eckerhart*, 461 U.S. 424, 433 (1983).  The applicant must exercise "billing judgment," i.e., the

25  fees must be for services for which a private client would pay.  *Id.* at 434 ("Hours that are not

26  properly billed to one's client also are not properly billed to one's adversary pursuant to statutory

27  authority.").  Courts should generally "defer to the winning lawyer's professional judgment as to

28  how much time he was required to spend on the case."  *Moreno v. City of Sacramento*, 534 F.3d

2

1    1106, 1112 (9th Cir. 2008).  An applicant may be awarded fees for hours spent litigating an EAJA

2    fee award.  *INS v. Jean*, 496 U.S. 154, 162 (1990).

3                                              **DISCUSSION**

4         Plaintiff moves for a total fee award of $9,087.60, plus $400 for costs and $21.68 for

5    expenses.  (Dkt. No. 23 at 10.)  Defendant does not contend that its position here was substantially

6    justified.  Plaintiff is therefore entitled to an award as a prevailing party under 28 U.S.C. §

7    2412(d.)  *See Gutierrez*, 274 F.3d at 1258 ("It is the government's burden to show that its position

8    was substantially justified.").  The only disputes between the parties are whether the fees requested

9    are reasonable, including whether Plaintiff is entitled to fees related to her reply brief, and whether

10   the fees can be awarded directly to Plaintiff's counsel.

11                      **A.      Reasonableness of Fees**

12        When awarding a party attorneys' fees pursuant to the EAJA, the Court must determine the

13   reasonableness of the fees sought.  *Sorenson*, 239 F.3d at 1145.  In establishing the reasonableness

14   of fees and expenses under EAJA, it is Plaintiff's burden to document "the appropriate hours

15   expended in the litigation by submitting evidence in support of those hours worked."  *Gates v.*

16   *Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).  As previously discussed, the appropriate

17   number of hours includes all time "reasonably expended in pursuit of the ultimate result achieved,

18   in the same manner that an attorney traditionally is compensated by a fee-paying client for all time

19   reasonably expended on a matter."  *Hensley*, 461 U.S. at 431.

20        Here, Plaintiff submits her attorney's affirmation in support of fees with five exhibits, the

21   first three of which break down the time spent on the case.  (Dkt. No. 21 at 4-21.)  Exhibit A

22   details the time spent by all who worked on the case in chronological order.  (*Id.* at 5, 9-10.)

23   Exhibit B breaks down the work on the case by attorney.  (*Id.* at 5, 12-13.)  Exhibit C breaks down

24   the work by each paralegal.  (*Id.* at 5, 15.)  Plaintiff's counsel also sets forth the requested hourly

25   rates for attorney time and paralegal time.  (*Id.* at 5.)  There does not appear to be a dispute as to

26   the hourly rates of the attorneys or the paralegals; rather, Defendant disputes the fees in general as

27   unreasonable and "too high," arguing that: (1) Plaintiff claims hours at both paralegal and attorney

28   rates for tasks that were "clerical or secretarial in nature," (2) Plaintiff "plainly overbills for some

                                                      3

1  tasks," (3) the block billing "almost certainly inflates her claimed hours," and (4) the multiple 0.1

2  hour entries "unwarrantedly increase the total time billed." (Dkt. No. 22 at 4-6.)  The Court

3  addresses each argument in turn, and agrees that some of Plaintiff's requested time is

4  unreasonable.  As discussed below, the Court concludes that Plaintiff is entitled to $8,506.16 in

5  fees.

6                    **1.      "Clerical or Secretarial" Tasks**

7          Defendant first contends that Plaintiff claims hours at both paralegal and attorney rates for

8  tasks that were "clerical or secretarial in nature." (Dkt. No. 22 at 4.)  "[P]urely clerical or

9  secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."

10  *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989).  "When clerical tasks are billed at

11  hourly rates, the court should reduce the hours requested to account for the billing errors."

12  *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009).  This Court has previously noted that

13  "[t]asks such as preparing proofs of service, processing records, posting letters for mail,

14  photocopying, three-hole punching, internal filing, calendaring, and preparing the summons and

15  complaint for filing have been found to be purely clerical tasks for which fees are not

16  recoverable." *Reenders v. Premier Recovery Grp.*, No. 18-cv-07761-PJH (JSC), 2019 WL

17  2583595, at *7 (N.D. Cal. May 7, 2019) (citing *Borillo v. Legal Recovery Law Offices, Inc.*, No.

18  5:16-cv-05508-HRL, 2017 WL 1758088, at *6 (N.D. Cal. May 5, 2017)).

19          Here, Defendant points to 17 time entries that are, or contain, allegedly clerical tasks that

20  are not reimbursable. (*See* Dkt. Nos. 21 at 9-10 & 22 at 4-5.)  Of these 17 tasks, the Court agrees

21  that nine are non-compensable, purely secretarial tasks; specifically, the entries on May 15, 2018

22  (federal forms packet prepared for client completion (0.6); FDC packet sent (0.2); FDC pack

23  returned (0.3); filing fee payment received (0.1)); May 16, 2018 (preparing summons (0.6)); May

24  25, 2018 (file via ECF (0.2)); July 30, 2018 ("Note Reminder to counsel re: Case number when

25  filing" (0.1)); and August 23, 2018 (receipt of answer and notice of service of transcript (0.1);

26  generated PDF of court transcript (1.8)).  (*See* Dkt. No. 21 at 9.)

27          Plaintiff counters that tasks that are not "purely clerical" and which are routinely

28  performed by attorneys should be reimbursable. (Dkt. No. 23 at 4 (citing *Rabadi v. Astrue*, No.

4

1    EDCV 03-00774-MAN, 2012 WL 13167630, at \*5 (C.D. Cal. Nov. 8, 2012)).) Agreed. But the

2    tasks the *Rabadi* court found were not purely clerical are different from the tasks the Court has

3    found as stated above were clerical.

4         Because some of the time billed is clerical and thus not recoverable, the Court reduces the

5    amount of compensable time by 4.0 hours ($568.94).

6              **2.    Overbilling**

7         Defendant also contends that "Plaintiff plainly overbills for some tasks," pointing to two

8    tasks in particular, the 0.3 hours spent reviewing a summons (May 18, 2018) and the 0.3 hours for

9    "Federal Court-Remand Referral back to Referral Source" (June 6, 2019).  (Dkt. No. 22 at 5.)

10   Defendant does not identify any other instances of overbilling but indicates there are more.  (*Id.*)

11   While Plaintiff counters that Defendant fails to explain how these two examples constitute

12   overbilling, Defendant relies on *Mallard* wherein the court found 0.2 hours for reviewing a

13   summons unreasonable, and where it found 0.3 hours spent referring the action "back to Referral

14   Source" overbilling.  (*See* Dkt. No. 22 at 5 (citing *Mallard v. Berryhill*, No. 1:17-cv-01212 – JLT,

15   2019 WL 2389506, at \*4 (E.D. Cal. Jun. 6, 2019)).)

16        In *Mallard*, the court found the 0.1 hours spent consenting to a magistrate judge to

17   constitute overbilling, saying it "is a simple check-box form that would take mere moments to

18   review," *Mallard*, 2019 WL 2389506, at \*4.  While the same task is logged here at the same

19   amount of time, the Court disagrees that 0.1 hours is excessive.  (*See* Dkt. No. 21 at 9).

20   Consenting to a magistrate judge requires the attorney for the party, or the party themselves if *pro*

21   *se*, to read, check, and sign the consent form that is then submitted to the court.  (*See* Dkt. Nos. 8

22   & 9.)  The Court finds that six minutes is not unreasonable for an attorney to read, check, and sign

23   the magistrate judge consent form and, thus, declines to reduce the hours expended on this task.

24   The *Mallard* court similarly found the 0.3 hours spent with the referral source to constitute

25   overbilling, saying only "it is unclear why referring the action 'back to Referral Source' after the

26   Court's remand order would take 0.3 hour." *Mallard*, 2019 WL 2389506, at \*4.  Here, absent

27   further detail, the Court finds the time spent with the referral back source to be excessive and

28   awards only 0.2 hours for the task, which is a reasonable amount of time.

1    While the *Mallard* court reduced the remaining time reported by ten percent to account for

2    overbilling and block billing, here, a ten percent cut is not warranted absent pervasive block

3    billing and overbilling issues like those found in *Mallard*. *See Mallard*, 2019 WL 2389506, at \*4.

4    Rather, the Court will only reduce the time on the above-mentioned task, awarding 0.2 hours for

5    the referral source task. The 0.3 hours spent reviewing the summons was resolved in the prior

6    section and the 0.1 hour spent consenting to the magistrate judge has been resolved in this section.

7    Accordingly, the Court deducts 0.1 hours ($12.50) for the one overbilled task.

8    ### 3.    Block Billing

9    Defendant contends that "Plaintiff's block billing throughout almost certainly inflates her

10   claimed hours." (Dkt. No. 22 at 5.) Defendant does not indicate which specific entries he takes

11   issue with and instead cites cases where courts have looked unfavorably on block billing. (*See id.*)

12   Defendant cites *Role Models America, Inc. v. Brownlee* wherein the court found the block

13   billing of sometimes unrelated tasks hindered the ability to evaluate reasonableness. (*See* Dkt. No.

14   22 at 5 (citing *Role Models America, Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C. Cir. 2004)).)

15   Unlike in *Role Models*, however, here the task entries rarely appear to lump together multiple

16   tasks, and those that do are clearly related and pertain to one task within the case, such as October

17   17, 2018 when Stuart Barasch (Attorney) reviewed co-counsel's brief, implemented final edits,

18   and filed. (*See* generally Dkt. No. 21 at 9-10.) The Court notes that in *Mallard v. Berryhill*, the

19   court expressed concern over block billing entries that contained compensable and clerical tasks.

20   2019 WL 2389506, at \*4. While Defendant fails to point to any specific entry, the two instances

21   where Plaintiff's counsel's purported block billing does contain a clerical task (i.e., filing), the

22   total time spent was a mere 0.2 and 0.3 hours, neither of which seems unreasonable for time spent

23   reviewing and editing a brief, plus filing it. (Dkt. No. 21 at 10 (10/17/2018; 11/26/2018).)

24   Further, Plaintiff's counsel's time sheet includes multiple entries per day and either bills the time

25   at 0.00 hours for clerical work performed or, according to Plaintiff, does not include the time.

26   (*See* Dkt. Nos. 21 at 6 & 23 at 6.)

27   The Court finds the billing descriptions have not hampered the Court's ability to evaluate

28   the reasonableness of the time billed and, thus, declines to reduce the hours sought for block

6

1    billing.

2                         **4.      0.1 Hour Entries**

3        Defendant last contends that Plaintiff's multiple 0.1 hour billing entries "unwarrantedly

4    increase the total time billed." (Dkt. No. 22 at 6.) While it is true that Plaintiff records ten "0.1"

5    hour time entries, (*see* Dkt. No. 21 at 9-10), three of these ten have been resolved above, leaving

6    seven 0.1 hour entries at issue. Plaintiff notes that there are more tasks logged at 0.0 hours than

7    there are at 0.1 hours, casting doubt on Defendant's argument that the multiple "perfunctory" tasks

8    logged at 0.1 hours "unwarrantedly increase" the total time billed. (*See* Dkt. Nos. 21 at 9-10, 22 at

9    6, 23 at 5-6.)

10       Defendant cites to *Lopez v. Astrue* wherein the court reduced the total time for multiple 0.1

11   hour entries, saying, "While the Court appreciates that counsel needs to review the docket and this

12   court's orders, the total amount billed is *excessive* when each amount it recorded as a discrete six-

13   minute event." *Lopez v. Astrue*, No. 1:10-cv-1012 AWI GSA, 2012 WL 2052146, at \*2 (E.D. Cal.

14   Jun. 6, 2012) (emphasis added) (citing *Downey v. Astrue*, No. 1:09–cv–812 SKO, 2001 WL

15   12505824, at \*12-13 (E.D. Cal. Apr. 11, 2012)). There, seven 0.1 hour entries were recorded for

16   tasks such as "reviewing court docket," "reviewing court documents," "reviewing defendant's

17   consent to magistrate", and "reviewing return receipt." *Id.*

18       *Lopez* does not persuade the Court that a reduction is required for multiple 0.1 entries. The

19   *Lopez* entries there were either vague ("reviewing court documents on 6/8/10") or multiple entries

20   were made for perfunctory tasks such as reviewing the docket (".1 hours reviewing court docket

21   entry on 6/3/10"; "0.1 hours reviewing the docket on 6/29/10") or reviewing return receipts ("0.1

22   hours reviewing return receipt on 7/14/10"; "0.1 hours reviewing return receipt on 7/16/10").

23   *Lopez*, 2012 WL 2052146, at \*2. Here, unlike *Lopez*, the remaining 0.1-hour entries left at issue

24   include, on May 25, 2018, "Review summons issued as to Commissioner, USAO, and AG," or, on

25   August 27, 2018, "Review order reassigning case to MJ Corley-Judge Rogers no longer assigned."

26   (Dkt. No. 21 at 9-10.) (Dkt. No. 21 at 9-10.) The 0.1 hour tasks left here are specific and

27   substantive such that they are often handled by attorneys and, accordingly, do not unwarrantedly

28   increase the total time.

1    Thus, the Court will not reduce the compensable hours on this basis.

2    **5.        Plaintiff is Entitled to Fees for Preparing the Reply Brief**

3    Under the EAJA, a prevailing party is entitled to fees incurred in litigation with the

4    government in moving for an EAJA fee award. *Jean*, 496 U.S. at 161; *see also Love v. Reilly*, 924

5    F.2d 1492, 1487 (9th Cir. 1991). Plaintiff's request for $674.00 (rounded) for the 3.3 additional

6    hours spent drafting the underlying reply brief is reasonable and on par with, or less than, what

7    this Court and others have granted in similar cases. *See, e.g., Valle v. Berryhill*, No. 16-cv-02358-

8    JSC, 2018 WL 1449414, at *3 (N.D. Cal. Jan. 18, 2018) (awarding $1910.51 for 9.75 additional

9    hours preparing the reply brief); *Potter v. Colvin*, No. 14-cv-02562-JSC, 2015 WL 7429376, at *4

10   (N.D. Cal. Nov. 23, 2015) (awarding $569.04 for three hours of work preparing the reply brief);

11   *Lauser v. Colvin*, No. 13-05990-MEJ, 2015 WL 1884330, at *5 (N.D. Cal. Apr. 23,

12   2015) (awarding $1,110.21 for fees for preparing the reply brief); *Smith v. Astrue*, No. C 10–4814

13   PJH, 2012 WL 3114595, at *5 (N.D. Cal. July 31, 2012) (granting fees for 2.6 hours of work spent

14   preparing the reply brief on the fees motion).

15                                            ***

16   Accordingly, the Court awards Plaintiff $8,506.16 in attorneys' fees.

17   **B.        The Fee Award Should Be Paid Directly to Counsel**

18   As previously discussed, under the EAJA "a court shall award to a prevailing party . . . fees

19   and other expenses . . . incurred by that party in a civil action (other than cases sounding in tort) . .

20   . unless the court finds that the position of the United States was substantially justified." 28

21   U.S.C. § 2412(d)(1)(A). In *Astrue v. Ratliff*, 560 U.S. 586, 594 (2010), the Supreme Court

22   considered this provision of the EAJA and whether it makes a fee payable to the prevailing party

23   or the attorney. The Supreme Court noted the absence of language in the EAJA explicitly

24   directing fees to attorneys and compared EAJA with a provision in the Social Security Act making

25   fee awards payable "to such attorney." *Id*. at 595 (citing 42 U.S.C. § 406(b)(1)(A)). In so doing,

26   the Court concluded that "given the stark contrast between the SSA's express authorization of

27   direct payments to attorneys" and the absence of such language in EAJA, it would not interpret

28   EAJA to "contain a direct fee requirement [to the attorney] absent clear textual evidence

                                              8

1   supporting such an interpretation." *Id*. at 595.

2       Courts in this District have nonetheless concluded that *Ratliff* does not prevent payment of

3   a fee award directly to the attorney if there has been a valid assignment and the plaintiff does not

4   owe a debt to the government. *See Hampton v. Colvin*, No. 13-CV-04624-MEJ, 2015 WL

5   1884313, at *7 (N.D. Cal. Apr. 23, 2015); *Yesipovich v. Colvin*, No. 15-00112-WHA, 2015 WL

6   5675869, at *8 (N.D. Cal. Sept. 28, 2015); *Neilsen v. Colvin*, No. 13-173-NJV, 2014 WL

7   1921317, at *3 (N.D. Cal. May 13, 2014); *Lloyd v. Astrue*, No. 11-4902-EMC, 2013 WL 3756424,

8   at *4 (N.D. Cal. July 16, 2013); *Palomares v. Astrue*, No. 11-4515-EMC, 2012 WL 6599552, at

9   *9 (N.D. Cal. Dec. 18, 2012).

10      Defendant asks that if the Court awards EAJA fees, that "it specify that the assignment

11  cannot be honored without prior consideration by the Treasury Offset Program," wherein "the

12  government considers any assignment of EAJA fees to determine whether they are subject to

13  offset" of government debt. (Dkt. No. 22 at 6-7.) As Plaintiff assigned her EAJA fees to the

14  Olinsky Law Group (*see* Dkt. No. 21, Ex. F at 21), Plaintiff's award shall be paid directly to the

15  Olinsky Law Group subject to any outstanding federal debt offset determined by the Treasury

16  Offset Program.

17                          **CONCLUSION**

18      For the foregoing reasons, Plaintiff's motion for an award of attorneys' fees pursuant to

19  EAJA is GRANTED in part, awarding Plaintiff a total award of $8,927.84, including $8,506.16 in

20  fees, $400 in costs, and $21.68 for expenses for 40.7 hours of work. (Dkt. No 21.) The award

21  should be paid directly to Plaintiff's counsel, Olinsky Law Group, less any administrative offset

22  due to Plaintiff's outstanding federal debt, if any exists.

23      **IT IS SO ORDERED.**

24  Dated: October 11, 2019

25

26                                            _Jacqueline Scott Corley_

27                                   JACQUELINE SCOTT CORLEY
                                 United States Magistrate Judge

28